Stephen W. Rupp, Trustee (2824)
**McKAY, BURTON & THURMAN**
15 West South Temple, Suite 1000
Salt Lake City, UT 84101
Telephone: (801) 521-4135
Telefax: (801) 521-4252

## IN THE UNITED STATES BANKRUPTCY COURT FOR THE

## DISTRICT OF UTAH, CENTRAL DIVISION

| In re: | : Bankruptcy No. 13-25183 |
| --- | --- |
| | (Chapter 7) |
| MARK ALLEN HART, | : |
| | Honorable R. Kimball Mosier |
| Debtor. | : |

### TRUSTEE'S RESPONSE TO MOTION TO REOPEN CASE TO ADD EXEMPT ASSET

The Trustee in the above-captioned case, Stephen W. Rupp, hereby responds to the Motion to Reopen Case to Add Exempt Asset and the debtor's allegation that it is not necessary for the Court to appoint a trustee as follows:

1. The debtor has failed to provide sufficient information from which it might be determined whether the personal injury claim to be added is totally exempt and whether a portion of the asset should be administered.

    (a) The debtor fails to identify all scheduled and unscheduled claims for medical services arising from the personal injury and which were discharged or subject to the discharge in the bankruptcy case.

(b) The debtor fails to give any specifics concerning his pursuit and settlement of the claim. He has failed to describe all the damages which arise from the personal injury which are being settled.

(c) The debtor failed to fully quote the available exemption. In addition to the portion quoted by the debtor, the full property which may be claimed exempt is as follows: "an individual is entitled to exemption of the following property: proceeds of insurance, judgment or a settlement or other rights accruing as a result of bodily injury of the individual . . . *to the extent that those proceeds are compensatory.*" The debtor has failed to sufficiently describe his personal injury claim or the damages to determine whether he is receiving any settlement or proceeds which are not compensatory.

WHEREFORE, the Trustee responds and objects to the debtor's motion until further information is provided and until the debtor has fully described the property and personal injury claim so as to determine whether any part or portion of the proceeds of the claim are not compensatory.

2. Until the debtor has fully described the claim and the damages, the Trustee and other parties-in-interest will not be aware of whether or not a trustee should be appointed. If the debtor is able to fully disclose the nature of the claim and damages and provide information and documents, communications and settlement agreement, it may not be necessary to appoint a

trustee. However, until that information is provided, the Trustee objects to the debtor's request that a trustee not be appointed.

WHEREFORE, the Trustee has no objection to the motion to reopen and to add an asset, but the Trustee presently objects to the debtor's request that a trustee not be appointed.

DATED this __6__ day of ~~July~~ August, 2014.

McKAY, BURTON & THURMAN

By _____
Stephen W. Rupp
Attorneys for Chapter 7 Trustee

## CERTIFICATE OF SERVICE - BY NOTICE OF ELECTRONIC FILING (CM/ECF)

I hereby certify that on ~~July~~ august __6__, 2014, I electronically filed the foregoing *Trustee's Response* with the United States Bankruptcy Court for the District of Utah by using the CM/ECF system. I further certify that the parties of record in this case, as identified below, are registered CM/ECF users and will be served through the CM/ECF system.

Brandon L. Baker bbaker@padrm.com, jsorensen@padrm.com

United States Trustee USTPRegion19.SK.ECF@usdoj.gov

I hereby certify that on ~~July~~ august __6__, 2014, I caused to be served a true and correct copy of the foregoing *Trustee's Response* as follows:

**Mail Service - By regular first class United States Mail, postage fully pre-paid, addressed to:**

**Mark Allen Hart**
6624 Blue Iris Dr.
West Jordan, UT 84081

/s/    Karin Powell   

ka\pl\hart.res

3