Stephen W. Rupp, Trustee (2824)
**McKAY, BURTON & THURMAN**
15 West South Temple, Suite 1000
Salt Lake City, UT  84101
Telephone:  (801) 521-4135
Telefax: (801) 521-4252

## IN THE UNITED STATES BANKRUPTCY COURT FOR THE

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re: | : Bankruptcy No. 13-25183 |
| | (Chapter 7) |
| MARK ALLEN HART, | : |
| | Honorable R. Kimball Mosier |
| Debtor. | : |

### OBJECTION TO AMENDED CLAIMED EXEMPTION

The Trustee in the above-captioned case, Stephen W. Rupp, hereby objects to the debtor's amended claimed exemption set forth on the debtor's amended Schedule C filed on August 13, 2014. The property disclosed on the debtor's amended Schedule B describes the property as "Personal Injury Claim with Candlewood Suites" having a scheduled value of $100,000.00. The debtor's amended Schedule C claims the "Personal Injury Claim with Candlewood Suites" 100% exempt under U.C.A. §78B-5-505(ix). The Trustee objects to the debtor's claimed exemption in part or in full for the following reasons:

1. Subpart (ix) applies to works of art. It is believed that the debtor meant to refer to (x) which applies to "rights accruing as result of bodily injury."

2. In the investigation of the property claimed exempt to date, the Trustee has learned that the debtor has made claim for "past, reasonable and necessary medical expenses." Some of those medical expenses are scheduled on the debtor's bankruptcy schedules. The Trustee objects to the debtor's claimed exemption to the extent that the proceeds or rights accruing as a result of the bodily injury of the debtor are not compensatory. Subpart (x) provides that the proceeds or rights accruing as a result of bodily injury are exempt only to the extent that those proceeds are compensatory. The debtor cannot be compensated for losses or financial injury that he has not suffered, including medical bills arising from the personal injury that have not been paid and which are subject to discharge in the debtor's bankruptcy case.

3. The debtor also makes claim for lost wages. To be exempt, the lost wages claim must be compensatory. Any debt unpaid and dischargeable incurred by the debtor to meet the shortfall of income on account of lost wages results in making the claim of lost wages uncompensatory, since the debtor cannot be compensated for something he has not paid.

4. The debtor sought to reopen this case nearly ten months after the closing of the case and the filing of a no asset report by the Trustee. The debtor reopened the case in order to amend the schedules and disclose the personal injury claim which was not disclosed or scheduled when the case was first opened. The debtor has alleged that the reason for the failure to disclose and schedule the claim was "inadvertence." The Trustee reserves the right to object to the debtor's amended claimed exemption in the event that it is determined that the debtor concealed the claim

or failed to schedule the claim in bad faith. See *In re Ford*, 492 F.3d 1148 (10th Circ. 2007). It should be noted that while the debtor allegedly or inadvertently forgot or inadvertently failed to disclose the claim, the debtor did not inadvertently fail or forget to schedule the medical bills arising from the injury.

WHEREFORE, the Trustee hereby objects to the debtor's amended claimed exemption as set forth above.

DATED this __10__ day of September, 2014.

        McKAY, BURTON & THURMAN

        By _____
          Stephen W. Rupp
          Attorneys for Chapter 7 Trustee

### CERTIFICATE OF SERVICE - BY NOTICE OF ELECTRONIC FILING (CM/ECF)

I hereby certify that on September 10, 2014, I electronically filed the foregoing ***Trustee's Objection to Amended Claimed Exemption*** with the United States Bankruptcy Court for the District of Utah by using the CM/ECF system. I further certify that the parties of record in this case, as identified below, are registered CM/ECF users and will be served through the CM/ECF system.

    Brandon L. Baker bbaker@padrm.com, jsorensen@padrm.com

    United States Trustee USTPRegion19.SK.ECF@usdoj.gov

I hereby certify that on September 10, 2014, I caused to be served a true and correct copy of the foregoing ***Trustee's Objection to Amended Claimed Exemption*** as follows:

**Mail Service - By regular first class United States Mail, postage fully pre-paid, addressed to:**

**Mark Allen Hart**
6624 Blue Iris Dr.
West Jordan, UT 84081

                                      /s/ Karin Powell

ka\pl\hart.obj